IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN FRANKLIN KNIGHT,                    )
                                         )
            Petitioner,                  )        Civil No. 06-345 -TC
                                         )
      v.                                 )        FINDINGS AND
                                         )        RECOMMENDATION
BRIAN  BELLEQUE,                         )
                                         )
            Respondent.                  )
_____)

COFFIN, Magistrate Judge.

     Presently before the court is the represented petitioner's amended petition for habeas corpus

relief (#36).   For the reasons discussed below, the petition should be denied.

## **BACKGROUND**

     Petitioner is in the  custody of the Oregon Department of Corrections after convictions for

nine counts of Robbery in the First Degree.  Following a jury trial, petitioner was sentenced to 90

months of imprisonment  on each count, with seven counts to be served consecutively for a total of

1 - FINDINGS AND RECOMMENDATION

630 months of imprisonment.

Evidence at his trial indicated that petitioner committed seven separate robberies between January 29, 1998 and February 12, 1998. On January 29th, petitioner robbed a convenience store near his residence by threatening two clerks with a large knife. On February 2nd, petitioner committed his second and third robberies, both times with a ski mask and a large knife. Petitioner's girlfriend, Trina Simon, testified that she drove petitioner to these two robberies as well as to the fourth, fifth and seventh robberies. On February 5th, petitioner robbed a fourth store, again with a ski mask and large knife. On that same day, petitioner robbed a fifth store wearing the ski mask and threatening two clerks with a large knife. The next day, petitioner robbed a sixth store, using a large knife, but without pulling the ski mask over his face.

On February 12, petitioner committed his seventh robbery. He used a large knife. However, petitioner did not use a ski mask so his face was visible to all witnesses. As petitioner was exiting the store, he passed two witnesses, Darren Schultz and Karen Phillips, and began running. Schultz and Phillips followed petitioner in a pick up truck. As petitioner was trying to get in a get-away car operated by Simon, Shultz and Phillips bumped their truck into Simon's car. In response, petitioner approached the witnesses' truck and swiped his large knife at the passenger window, inches from Karen Phillips' face.

On February 18th, petitioner was arrested at a grocery store for forgery and probable cause for the robberies. Petitioner admitted and detailed all seven robberies at the police station. Later, in a pre-trail hearing, petitioner testified that he had lied to the police and that he did not commit any of the robberies. Petitioner was on parole for a 1988 conviction for Robbery in the First Degree when these incidents took place.

2 - FINDINGS AND RECOMMENDATION

Petitioner was 36 years old at the time of trial. After imposing petitioner's sentence, the court stated, "that effectively leaves you either to die in prison or be the oldest man in the world when you get out. You deserve every day of it." (Tr. 417.)

In the amended petition presently before this court, petitioner, through counsel, asserts two claims. The first is that his trial attorney provided ineffective assistance under the Sixth Amendment when he failed to tell petitioner about a plea offer that would have resulted in a 270 month sentence. The second is that petitioner's trial attorney was constitutionally ineffective when he failed to conduct a sufficient investigation with regard to mitigation and present appropriate information and argument to the court so as to avoid imposition of consecutive sentences. Petitioner's counsel has not reasserted or addressed other claims in the original petition and such claims should be dismissed.

## DISCUSSION

### I.     Petitioner's Second Claim is procedurally defaulted.

Petitioner did not "fairly present" his second claim to Oregon's Supreme Court as required by the doctrine of exhaustion. Because the issues of the second claim were not presented to the Post Conviction Relief (PCR) trial court , petitioner has failed to exhaust the second claim. Moreover, these issues cannot now be fairly presented to Oregon's highest court. As such, they are procedurally defaulted.

#### A.     Relevant law

Prior to raising a federal claim in a federal habeas corpus petition, a state prisoner challenging the lawfulness of his detention is required to exhaust all of his available state remedies.

If a petitioner has failed to exhaust available state remedies and can no longer do so because of a procedural bar, the claim is procedurally defaulted. O' Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). Failure to properly exhaust  his remedies in state court precludes a petitioner from maintaining the claims in federal court unless the petitioner demonstrates both "cause" for the failure to exhaust and "prejudice" resulting from such failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); see also Wainwright v. Sykes, 433 U.S. 72 (1977).  Defaults may also be excused by demonstrating a "fundamental miscarriage of justice." But doing so requires a showing of actual innocence. Calderon v. Thompson, 523 U.S. 538, 559 (1998).

**B.    Analysis in this case**

   In his second claim, petitioner argues that his trial attorney was constitutionally ineffective when he failed to conduct a  sufficient investigation with regard to mitigation evidence and present appropriate information and argument to the court so as to avoid imposition of consecutive sentences.  While petitioner did originally present a claim of failing to adequately object to sentencing and the imposition of consecutive sentences, the arguments now raised in support of this claim were never made to the PCR court.   Instead,  the only argument petitioner made to the PCR trial court in support of the claim was that trial counsel should have used the terms "cruel and unusual punishment" because of the length  of the sentence. (Exh. 109 at p. 14, ( #20.)) Thus, the claims now raised in the second claim in this court were not "fairly presented" to Oregon's highest court. See Carriger v. Lewis, 971 F.2d 329, 333-34 (9th Cir. 1992) (en banc )(noting that ineffective counsel claims are discrete and that each must be properly exhausted or it will be defaulted).

   Although petitioner did make the argument to the Court of Appeals that trial counsel was ineffective in not arguing that the court's findings in support of consecutive sentences violated the

4 - FINDINGS AND RECOMMENDATION

Sixth and Fourteenth Amendments (Exh. 121 at 17), that argument was not properly before the court. To have exhausted a claim, a petitioner must have presented the federal claims to the state courts in a procedural context in which the claims' merits will be considered. <u>Castille v. Peoples</u>, 489 U.S. 346, 351-52 (1989). Here, petitioner raised a <u>Apprendi/Blakely</u> issue for the first time on appeal. The Oregon Court of Appeals will not consider issues not preserved in the lower court unless it is an error of law apparent on the face of the record. ORAP 5.45(1). Petitioner's claim that trial counsel should have objected on the basis of the Sixth and Fourteenth Amendment was not properly preserved. Petitioner is now barred under Oregon law from filing any additional appeals or PCR proceedings, and therefore cannot "fairly present" any additional claims to the Oregon State courts. Thus, he has procedurally defaulted on the arguments now raised concerning the <u>Apprendi/Blakely</u> issue. Furthermore, petitioner has not demonstrated "cause and prejudice" for failing to present these federal claims in state court.[1] Nor has petitioner demonstrated a "fundamental miscarriage of justice" based on actual innocence. His defaults, therefore, should not be excused, and relief on his claims should be denied.[2]

---

[1]Petitioner did not file an optional reply to the respondent's response despite an additional opportunity to do so.

[2] Even if a part of petitioner's second claim was not procedurally defaulted, the PCR trial court's findings that trial counsel acted reasonably at sentencing( Exh. 119 at 4) is due deference under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) as the findings were not an unreasonable application of, or contrary to, clearly established federal law as determined by the United States Supreme Court. See 28 U.S.C. §2254 (d)(1), set forth and discussed in next section hereto. See p. p. 16-19 of Response(#42). Moreover, even if arguments as to trial counsel's efforts regarding mitigating evidence were raised at post conviction, petitioner has failed to meet his burden of proof. See p. 19 of Response (#42).

5 - FINDINGS AND RECOMMENDATION

**II.    The State court's decision to deny relief on the First Claim is due deference under AEDPA, and should not be disturbed.**

Petitioner's first claim is that  that his trial attorney  provided ineffective assistance under the Sixth Amendment when he failed to tell petitioner  about a plea offer that would have resulted in a 270 month sentence.   Such claim should be dismissed because the State Court's finding that trial counsel disclosed and discussed with petitioner any and all plea offers from the State is entitled to a presumption of correctness that petitioner has not rebutted with clear and convincing evidence.

**A.    Relevant law**

**1.    Applicable law on AEDPA deference**

Petitioner filed his original petition for habeas corpus relief after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, AEDPA applies to the review of his petition.

The relevant portion of AEDPA amended 28 U.S.C. § 2254 by adding the following:

(d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

   (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

   (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

State court determinations need not be deferred to in every case. See Williams v. Taylor, 529 U.S. 362, 389 (2000)("If, after carefully weighing all the reasons for accepting a state court's judgment, a federal court is convinced that a prisoner's custody . . . violates the Constitution, that

6 - FINDINGS AND RECOMMENDATION

independent judgment should prevail."). However,

> AEDPA plainly sought to ensure a level of deference to the determinations of state courts, provided those determinations did not conflict with federal law or apply federal law in an unreasonable way. Congress wished to curb delays, to prevent "retrials" on federal habeas, and to give effect to state convictions to the extent possible under law. When federal courts are able to fulfill these goals within the bounds of the law, AEDPA instructs them to do so.

Williams, 529 U.S. at 386 (citation omitted).[3]

### 2.    Applicable law on ineffective assistance of counsel claims

Review of a claim of ineffective assistance of counsel can involve a two part analysis.

A petitioner alleging ineffective assistance of counsel first must show that counsel "made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.

---

[3]The Williams court also found different and independent meanings in the "contrary to" and "unreasonable application of" clauses of AEDPA. Under the "contrary to" clause, a federal court may only grant habeas relief if: (1) the state court applied a rule that contradicts the governing law set forth in Supreme Court caselaw; or (2) the case confronting the state court was materially indistinguishable from a Supreme Court decision yet the court nevertheless arrived at a result different from the Supreme Court precedent. Id. at 406. Under the "unreasonable application of" clause, a federal court may only grant habeas relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 412-13. The evaluation of reasonableness is tested against an objective standard. Id. at 409-10. The Court also noted that:

> [T]he most important point is that an unreasonable application is different from an incorrect application of federal law . . . In § 2254(d)(1), Congress specifically used the word "unreasonable," and not a term like "erroneous" or "incorrect." Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. at 410-11 (emphasis in original).

7 - FINDINGS AND RECOMMENDATION

Id. at 689. Reasonableness is judged as of the time of counsel's conduct, not in hindsight.[4] Id. at 689-90. The reasonableness of counsel's actions "may be determined or substantially influenced by defendant's own statements or actions." Id. at 691.

The second part of the analysis looks at the consequence of any error counsel is found to have made. The error must have been "so serious as to deprive the petitioner of a fair trial, a trial whose result is reliable." Id.

"An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. The petitioner must affirmatively prove the prejudice. Id. at 693. "It is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome . . ., and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." Id. However, a petitioner "need not show that counsel's deficient conduct more likely than not altered the outcome of the case." Id. The petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id.

Unless a petitioner shows both error and prejudice, "it cannot be said that a conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id. at 686.

**B.    Analysis for this claim**

Petitioner argues that the state court adjudication of his claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. See 28 U.S.C. § 2254(d)(2). "A determination of a factual issue made by a state

---

[4]"Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proven unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Strickland, 466 U.S. at 689.

8 - FINDINGS AND RECOMMENDATION

court shall be presumed to be correct" and the petitioner has "the burden of rebutting the presumption

of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In denying relief on petitioner's claim that his trial attorney provided ineffective assistance when

he failed to tell petitioner about a plea offer that would have resulted in a 270 month sentence, the

PCR trial court found that:

> [t]rial counsel disclosed and discussed with petitioner any and all plea
> offers from the State. Trial counsel also negotiated on multiple
> occasions for a possible plea offer from the State.

Exh. 119 at 2. The court also found that:

> [p]etitioner was aware of the State's plea offers and elected to
> exercise his right to have a jury trial. Trial counsel reasonably and
> competently negotiated with the State for a plea offer, on behalf of
> petitioner. Trial counsel reasonably discussed all plea offers from the
> State from Petitioner.

Id. at 4.

Evidence before the PCR court supported its determination of facts, which was reasonable. Trial

counsel stated in an affidavit that it was his invariable practice to discuss any pretrial offer with his

clients:

> Although I do not have a specific recollection at this time of
> discussing the State's sentencing recommendation with petitioner, it
> would be my invariable practice to do so. Petitioner was 36 years old
> at the time of the trial, and it is my belief that a settlement which
> would have incarcerated him until the age of 58 or 66, without any
> reduction for parole or good time, pursuant to the provisions of
> Measure 11, was not acceptable to him. If petitioner had indicated to
> me that he wished to accept the State's sentencing recommendation
> in lieu of going to trial, I certainly would not have forced him to
> proceed to trial.

Exh. 114 at 2.

In contrast, the only evidence presented to the PCR trial court that petitioner was not informed

9 - FINDINGS AND RECOMMENDATION

of the State's offers was petitioner's self-serving testimony in his deposition that trial counsel met with him in person three or four times and continuously informed him "that there was no plea offer ever made." Exh. 113 at 8. The PCR trial court's decision reflects an implicit finding that petitioner's statements in his deposition were not credible. See Marshall v. Lonberger, 459 U.S. 422, 433 (1983)(holding that a state court's decision not to grant relief is tantamount to an express finding about credibility despite the absence of express credibility findings).

The trial transcripts also support the PCR trial court findings. At a pretrial conference that petitioner attended, the attorneys informed the court of the existence of an offer:

> THE COURT: Is there an offer on the table?
> [PROSECUTOR]: There is.
> [TRIAL COUNSEL]: Right. I could certainly try to talk again with
> Mr. Feldman. It's up to, you know, Mr. Knight.

Tr. at 90(attached to (#21)). That discussion indicates that petitioner was aware of the existence of a plea offer. Yet petitioner testified at his deposition that, at the time of the deposition, he still had not been aware of the State's offer. Exh. 119 at 9. Petitioner's statement that he never found out what offer was made by the State, even though he admitted that he heard that one was made, is not credible. See id. at 10. Surely petitioner would have requested this information from trial counsel, especially given petitioner's extensive experience with the criminal justice system. Id. The PCR trial court reasonably made an implicit finding that trial counsel's statements in his affidavit were more credible than petitioner's testimony in his deposition.

Petitioner argues that trial counsel's statement in his affidavit that, "it is my belief that a settlement which would have incarcerated him until the age of 58 or 66, without any reduction for parole or good time, pursuant to the provisions of Measure 11, was not acceptable to him" is an

10 - FINDINGS AND RECOMMENDATION

implicit admission that counsel never discussed the offer with petitioner. Petitioner's interpretation of the affidavit is not adequately persuasive. Trial counsel does not state what his belief was based on. Although petitioner appears to assume that the belief was based on mere speculation, it is more probable given trial counsel's statement that it is his invariable practice to discuss offers with his client that the belief was based on discussions with his client.

The decision of the State court was based on a reasonable determination of facts in light of the evidence presented in the State court proceeding. The decision was supported by substantial evidence in the State court record and is entitled to a presumption of correctness. Petitioner has not met its burden of rebutting the presumption by clear and convincing evidence.[5]

## CONCLUSION

For the reasons stated above, petitioners amended petition (#36) should be dismissed, relief on all claims should be denied and this action should be dismissed.

DATED this 22 day of August, 2008.

_____

Thomas M. Coffin

United States Magistrate Judge

---

[5]Petitioner has attempted to support his argument with additional exhibits not offered in the PCR court. In the circumstances of the present case, this court declines to exercise any discretion it may have to allow the exhibits. ( Petitioner discusses potential discretion at footnote 3 at p.p.5-6 of Memo (#41) in Support of Amended Petition.) Moreover, petitioner has not exercised due diligence in this matter. See p. 15 of Response(#42). Finally, even if the exhibits were considered, they would not change the outcome of this case, especially in light of petitioner's deposition testimony that he probably met with trial counsel three or four times before trial.

11 - FINDINGS AND RECOMMENDATION